UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHARON G. THOMPSON

                        Plaintiff,                   **ORDER**
                                                            CV 07-3682 (FB)(ARL)
      -against-


ECKERD PHARMACY, et al.,

                        Defendants.

-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendants' July 7, 2008 letter application, requesting that the undersigned recommend that the action be dismissed for failure to prosecute or, in the alternative, order the plaintiff to respond to outstanding discovery requests. Also before the court is a letter from Jordan Glass, who filed the complaint on the plaintiff's behalf a year ago, but has yet to be admitted to practice in this court. Mr. Glass nonetheless requests that the court postpone its decision on the motion until after July 29, 2008 since he anticipates being admitted to the Eastern District on July 28th and hopes to be able to resolve any discovery issues.

      Rather than postpone a determination of the defendants' application, the court will deny the defendants' application at this time with leave to renew should the plaintiff not respond to all outstanding discovery requests by August 15, 2008. The plaintiff is advised that if her attorney is not admitted, she may proceed pro se. The plaintiff is further advised that she has not been relieved of any obligation to timely respond to discovery requests as a result of her attorney's difficulty in formalizing his admission. Accordingly, the plaintiff must respond to the requests and her failure to do so could result in the imposition of sanctions, including a recommendation that the case be dismissed for failure to prosecute. Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir. 1995). It is well settled that a dismissal under Rule 41(b) "operates as an adjudication on the merits and that such a dismissal is with prejudice." *Hoffman v. Wisner Classic Mfg. Co.,* 927 F. Supp. 67, 71 (E.D.N.Y. 1996) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962)).


Dated: Central Islip, New York                **SO ORDERED:**
       July 23, 2008

                                                            _____/s/_____
                                                            ARLENE R. LINDSAY
                                                            United States Magistrate Judge